UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In Re:  Lorenzo Anthony Wyche | * | Case Number 10-97723-JRS |
| Debtor | * | Chapter 13 |
| ----------------------------------------------------------* | | |
| Lorenzo Anthony Wyche | * | |
| Movant | * | |
| vs. | * | |
| Jeanne R. Wyche, and | * | |
| Charles A. Mathis | * | |
| Respondents | * | |
| ----------------------------------------------------------* | | |

**MOTION FOR SANCTIONS FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY**

COMES NOW, Lorenzo Anthony Wyche, movant herein and files this motion for willful sanctions for violation of the automatic stay against Jeanne R. Wyche and her attorney Charles Mathis, respondents herein and shows:

1.

This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. Section 157. Venue is proper.

2.

Movant filed a petition for relief on December 16, 2010.

3.

The Superior Court of Fulton County issued an Order on July, 8, 2010 (attached), requiring movant to spend six (6) days in jail for failing to pay pursuant to a marital property settlement in a divorce action. The Order was appealed and denied and the Superior Court amended its Order (attached) requiring movant to spend five (5) days in jail starting on December 16, 2010. The Order has been stayed pending review of an emergency motion (attached) asking the Court to honor the automatic stay. That hearing will be held on December 20, 2010.

4.

Respondents were contacted by counsel as well as the Court seeking if they opposed the

honoring of the automatic stay. Respondent Charles Mathis was handed a copy two Court opinions (attached to the emergency hearing motion) on December 16, 2010. Attorney Charles Mathis told counsel as well as the Court that he opposed the honoring of the automatic stay inasmuch as the Order for Contempt of the Superior Court was entered before the bankruptcy petition of the instant case.

5.

The action of opposing the honoring of the automatic stay with knowledge of the automatic stay is a willful violation of 11 U.S.C Section 362.

WHEREFORE, movant requests the Court set this matter for hearing and at such hearing the Court issue sanctions against respondents and do whatever is just.

Dated this 19th day of December 2010.

/s/
Milton D. Jones
Attorney for movant
GA Bar No. 402541
PO Box 503
Morrow, GA 30260
770 556 5006

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In Re:  Lorenzo Anthony Wyche | * | Case Number 10-97723-JRS |
| Debtor | * | Chapter 13 |
| ----------------------------------------------------------* | | |
| Lorenzo Anthony Wyche | * | |
| Movant | * | |
| vs. | * | |
| Jeanne R. Wyche, and | * | |
| Charles A. Mathis | * | |
| Respondents | * | |
| ----------------------------------------------------------* | | |

PLEASE TAKE NOTICE that Lorenzo Anthony Wyche has filed a Motion for Sanctions for Violation of the Automatic Stay with the Court seeking an order holding the respondents in violation of the automatic stay and hearing of the motion.

Your rights may be affected by the court's ruling on these pleadings.  You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. **If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then on or before January 18, 2011, you or your attorney must:**

(1) File with the court a written response, explaining your positions and views as to why your claim should be allowed as filed.  The written response must be filed at the following address:

 Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Spring Street, Atlanta, GA 30303.
If you mail your response to the clerk for filing, you must mail it early enough so that the clerk will actually receive it on or before the date stated above.

(2) Mail or deliver a copy of your written response to the Attorney at the address stated below you must attach a certificate of service to your written response stating when, how, and on whom (including addresses) you served the response.

If you or your attorney do not file a timely response, the court may decide that you do not oppose the relief sought, in which event the court may enter an order granting the relief requested.

If you or your attorney file a timely response, then this matter will be heard on **January 20, 2011 in Courtroom 1404, at 11:00am U.S. Courthouse, 75 Spring Street, Atlanta, Georgia.** You or your attorney is required to appear and assert your position.

DATE this 19th day of  December 2010

_____/s/_____
Milton D. Jones
Counsel for debtor
 GA State Bar No. 402541
 PO Box 503

Morrow, GA 30260
770 556 5006

CERTIFICATE OF SERVICE

I have served the foregoing upon the following person by hand-delivery in the Superior Court of Fulton County:

Brenda Gardner, Esq.

Jeanne Carillo
c/o Charles Mathis, Esq.

Charles Mathis, Esq.

Lorenzo Wyche

Dated this 20th day of December 2010

/s/
Milton D. Jones
PO Box 503
Morrow, GA 30260
770 556 5006

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

FAMILY DIVISION

FILED IN OFFICE

DEC - 8 2010

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

JEANNE R. WYCHE                )
                               )
   Plaintiff,              )
                               )       CIVIL ACTION FILE NO.:
v.                             )       2007CV133071 and
                               )       2007CV141791
LORENZO A. WYCHE, and          )
RARE FOOD VENTURES, INC.       )
                               )
   Defendant.              )
                               )

## ORDER

On July 8, 2010, this Court entered an Order of Contempt against Defendant Lorenzo A.

Wyche. Consequently, Defendant was ordered to report to this Court on July 8, 2010 to begin a

six-day sentence in the Fulton County Jail. However, Defendant appealed this Court's July 8,

2010 Order to the Supreme Court and this Court entered an Order granting Defendant's Motion

for Supersedeas.

Since Defendant's appeal, on August 26, 2010, the Supreme Court of Georgia denied

Defendant's appeal and entered a remittitur. Thus, this matter is back before this Court.

Pursuant to the previous proceedings and the findings incorporated in the July 8, 2010 Order that

was entered by this Court, Defendant Lorenzo Wyche shall report to 185 Central Avenue, S.W.,

Atlanta, Georgia 30303, Courtroom 8F, on Thursday, December 16, 2010 at 10:00 a.m., to be

taken into custody and transported to the Fulton County Jail by the Sheriff's Department where

**Gail S. Tusan, Judge**
**Atlanta Judicial Circuit**

cc:   Charles A. Mathis, Jr., Esq.
      Brenda L. Gardner, Esq.

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA
FAMILY DIVISION

FILED IN OFFICE

JUL 0 8 2010

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

JEANNE ROSA WYCHE,  )
    Plaintiff,  )
                  )  CIVIL ACTION FILE NOS.:
                  )  2007CV133071
v.  )  AND 2007CV141791
                  )
LORENZO WYCHE AND RARE FOOD  )
VENTURES, INC.,  )
    Defendants.  )

## ORDER OF CONTEMPT

The Court having conducted a Compliance Hearing on July 6 – 7, 2010, having considered the record, and the evidence and argument presented by the parties and counsel during said hearing, the Court has determined that Defendant Lorenzo Wyche has failed to purge himself according to the purge conditions set forth in the Court's Order announced at the conclusion of the May 24, 2010 Hearing. Attached hereto is a copy of the transcript of the Court's determination that Defendant Lorenzo Wyche remains in contempt and the underlying findings in support thereof. The findings in the attached transcript are incorporated herein and made a part of this Order of Contempt.

Accordingly, Defendant Lorenzo Wyche shall report on July 8, 2010 to 185 Central Ave, SW., Atlanta, Georgia 30303, Courtroom 8F at 10:00 a.m. to be taken into custody and transported to the Fulton County Jail by the Sheriff's Department where he shall remain incarcerated from July 8, 2010 until July 13, 2010.

SO ORDERED THIS 8TH DAY OF JULY, 2010.

                          GAIL S. TUSAN, JUDGE
                          ATLANTA JUDICIAL CIRCUIT

cc:    Charles A. Mathis, Jr., Esq.
       Brenda L. Gardner, Esq.



IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA
FAMILY DIVISION

JEANNE ROSA WYCHE,            )
                             )
        PLAINTIFF,            )    CIVIL ACTION
                             )
        VS.                  )    FILE NOS. 2007CV133071
                             )              AND 2007CV141791
LORENZO WYCHE AND            )
RARE FOOD VENTURES, INC.     )
                             )    **EXCERPT**
        DEFENDANTS.          )
_____)


EXCERPT OF TRANSCRIPT OF PROCEEDINGS HEARD BEFORE
THE HONORABLE GAIL S. TUSAN, JUDGE,
ATLANTA JUDICIAL CIRCUIT,
COMMENCING JULY 6TH, 2010


A P P E A R A N C E S:


    ON BEHALF OF THE PLAINTIFF:    CHARLES A. MATHIS, JR.
                                   ATTORNEY AT LAW

    ON BEHALF OF THE DEFENDANTS:   BRENDA L. GARDNER
                                   ATTORNEY AT LAW


WYNETTE C. BLATHERS, RPR, CRR, CCR-B-2069
OFFICIAL COURT REPORTER
T-8955 JUSTICE CENTER TOWER
185 CENTRAL AVENUE, S.W.
ATLANTA, GEORGIA  30303



1      P R O C E E D I N G S

2           (EXCERPT)

3           THE COURT:  I APPRECIATE THE EFFORT THAT COUNSEL

4      IN PARTICULAR HAS PUT INTO TRYING TO BRING THE ISSUES

5      TO A HEAD TO CLARIFY WHAT HAS TRANSPIRED AND TO

6      ADVOCATE ON BEHALF OF YOUR RESPECTIVE CLIENTS.

7           THE EVIDENCE HAS ESTABLISHED AND THE ARGUMENT THAT

8      I'VE HEARD HAS PERSUADED THE COURT THAT THERE SHOULD BE

9      NO QUESTION THAT A GREAT DEAL OF MONEY HAS PASSED

10     THROUGH THE ACCOUNTS THAT HAVE BEEN CONTROLLED BY

11     MR. WYCHE SINCE DECEMBER OF 2008.  A SIGNIFICANT AMOUNT

12     OF BUSINESS INCOME HAS BEEN APPLIED TO PERSONAL USE,

13     FOR EXAMPLE, THE USE OF THE CHECK CARDS.  THERE HAVE

14     BEEN CERTAIN BUSINESS TRANSFERS.  REASONS HAVE BEEN

15     GIVEN FOR THOSE TRANSFERS.

16          THERE'S BEEN THE PAYMENT OF ATTORNEY'S FEES.  AND

17     THE COURT DOES NOT SUGGEST THAT MS. GARDNER SHOULD NOT

18     BE COMPENSATED FOR HER SERVICES, BUT SHE HAS BEEN

19     ATTEMPTING TO REPRESENT MR. WYCHE, WHO IS THE PERSON

20     RESPONSIBLE, BOTTOM LINE, FOR THE JUDGMENT.

21          MR. WYCHE ALONE HAS DETERMINED HOW THE FUNDS THAT

22     HAVE COME INTO HIS ACCOUNTS HAVE BEEN APPLIED,

23     PRESUMABLY BASED ON HIS OWN JUDGMENT OR LACK THEREOF

24     BASED ON THE BUSINESS ADVICE THAT HAS BEEN PROVIDED TO

25     HIM AT HIS REQUEST OR OTHERWISE.

1    IT IS CLEAR TO THE COURT HAVING PRESIDED OVER THE

2    TRIAL AS WELL AS THE SEVERAL HEARINGS SINCE THE ACTUAL

3    TRIAL, THAT MR. WYCHE IS A DREAMER, IS A BIG-PICTURE

4    PERSON BUT IT'S ALSO CLEAR -- AND THAT'S NOT

5    NECESSARILY BAD.  BUT IT IS ALSO CLEAR TO THE COURT

6    THAT HE IS OVERCOMMITTED, OVEREXTENDED, AND NOT A

7    DETAIL-ORIENTED PERSON.

8    AND WHILE IT MAY BE THE CASE THAT MR. WYCHE DID

9    NOT HAVE EXACTLY $150,000 ON HAND ON DECEMBER 31ST,

10   2008, OR THE 68,500 AMOUNT ON THE FOUR REMAINING

11   DESIGNATED PAYMENT DATES, I'M UNABLE TO CONCLUDE THAT

12   MR. WYCHE TOOK THE NECESSARY STEPS TO BE IN THE BEST

13   POSITION POSSIBLE TO COMPLY ON THOSE DATES.  I WILL

14   NOTE IT LOOKS LIKE THERE MAY HAVE BEEN A PAYMENT ON OR

15   AROUND A COUPLE OF THE DATES, BUT SEVERAL MONTHS HAVE

16   GONE BY SINCE -- BETWEEN THE LAST PAYMENT, AS I

17   UNDERSTAND IT, AND THE GARNISHMENT THAT OCCURRED IN

18   THIS YEAR.

19   19 MONTHS LATER MR. WYCHE IS JUST BARELY

20   SATISFYING THE FIRST PAYMENT THAT WAS DUE IN 2008, AND

21   THE OFFER TO REPAY THE BALANCE AT THE RATE OF $3500 OR

22   SOME SLIGHTLY LARGER AMOUNT PER MONTH WITH THE HOPE OF

23   SECURING A LOAN THAT HAS NOT YET BEEN APPLIED FOR --

24   AND THERE CERTAINLY HASN'T BEEN ANY TANGIBLE EVIDENCE

25   PRESENTED TO THIS COURT TO DEMONSTRATE THAT HE WILL, IN

3

1  FACT, QUALIFY FOR IT -- IS NOT A SUFFICIENT EFFORT TO
2  RESOLVE THE SITUATION.
3       THEN IN ADDITION TO THE BALANCES DUE PURSUANT TO
4  THE JUDGMENT, AN ISSUE HAS BEEN RAISED ABOUT POTENTIAL
5  TAX LIABILITY THAT MS. CARILLO MAY BE SUBJECTED TO.
6  AND THERE WAS A REQUEST, WHICH OBVIOUSLY HAS BEEN
7  DENIED, BY COUNSEL ON BEHALF OF MR. WYCHE TO HAVE
8  ADDITIONAL TIME TO BRIEF THE ISSUE.  AND IN THE COURT'S
9  MIND IT'S NOT SO MUCH A MATTER OF LEGAL ARGUMENT ABOUT
10 WHETHER OR NOT THERE IS LIABILITY BUT, RATHER, WHAT HAD
11 BEEN REQUESTED WAS EVIDENCE OF STEPS TAKEN BY MR. WYCHE
12 TO ENSURE THAT THE POTENTIAL LIABILITY WOULD BE
13 REDUCED, ELIMINATED OR, IN FACT, WAS NOT IN EXISTENCE.
14      AND SO THE QUESTION MAY BE, WELL, HOW DO I PROVE
15 TO THE COURT?  WHAT ARE YOU LOOKING FOR?  AND MY
16 RESPONSE TO THAT IS WHAT ABOUT A SIMPLE LETTER WRITTEN
17 BY MR. WYCHE TO THE APPROPRIATE TAX AUTHORITIES, THE
18 LICENSING AUTHORITY, SAYING THAT I AM TRYING TO ADDRESS
19 THIS TAX OBLIGATION THAT IS MINE AND THAT TO THE EXTENT
20 THAT MY FORMER WIFE'S NAME APPEARS ON THE LICENSE OR IN
21 YOUR FILE OR YOU'RE GETTING READY TO LEVY AGAINST HER,
22 PLEASE DO NOT TAKE ANY SUCH ACTION, AS SHE IS AN
23 INNOCENT SPOUSE UNDER THE CIRCUMSTANCES.
24      AND SO, UNFORTUNATELY, I'M PRETTY DISAPPOINTED AT
25 THE END OF THE DAY, MR. WYCHE, WITH WHAT HAS BEEN

4

1   PRESENTED.  THE COURT IS NOT IN A POSITION TO FIND THAT

2   YOU HAVE SATISFIED THE PURGE AMOUNT REGARDING THE TAX

3   LIABILITY ISSUE NOR DO I BELIEVE THAT YOU HAVE SHOWN A

4   REASONABLE AND GOOD FAITH EFFORT TO SATISFY THE ONGOING

5   OBLIGATION AND AM THEREFORE LEFT WITH VERY FEW OPTIONS.

6       THE COURT IS REMINDING YOU THAT I DID FIND YOU IN

7   CONTEMPT.  WE CAME BACK FOR A COMPLIANCE AND FOR A

8   FINAL RESOLUTION.  I AM GOING TO ORDER THAT YOU BE

9   INCARCERATED FOR FIVE DAYS GIVING YOU THE OPPORTUNITY

10  TO REPORT TOMORROW TO THIS COURTROOM AT 10:00 A.M. TO

11  BE TAKEN INTO CUSTODY.  HOPEFULLY, DURING THE TIME

12  WITHOUT THE DISTRACTIONS OF FOCUSING ON THE FUTURE

13  GROWTH OF ALL OF THESE BUSINESSES, YOU WILL BE ABLE TO

14  FOCUS ON THE OBLIGATION THAT HAS US ALL HERE TODAY

15  AGAIN.

16      UPON YOUR RELEASE THE COURT IS ORDERING THAT YOU

17  SHOULD BE PREPARED TO MAKE MONTHLY PAYMENTS IN THE

18  FOLLOWING AMOUNTS BEGINNING JULY 15TH AND CONTINUING

19  UNTIL THE BALANCE IS PAID:  $10,000 ON THE 15TH OF JULY

20  AND AGAIN IN AUGUST AND SEPTEMBER; THE NEXT THREE

21  MONTHS BEGINNING IN OCTOBER ON THE 15TH, $20,000 PER

22  MONTH.  JANUARY, FEBRUARY AND MARCH OF 2011 THE

23  PAYMENTS SHOULD BE A MINIMUM OF 25,000 CONTINUING APRIL

24  MAY AND JUNE WITH THE FINAL BALANCE BEING DUE ON

25  JULY 15TH OF 2011.

1      ARE THERE ANY QUESTIONS?

2      MR. MATHIS:  NONE FROM THE PLAINTIFF, JUDGE.

3      MS. GARDNER:  YOUR HONOR, IS THERE ANY WAY TO

4  LIMIT THE DAYS OF INCARCERATION IF, IN FACT, THE LETTER

5  IS WRITTEN TO COMPLY WITH THE COURT'S DIRECTION AS IT

6  RELATES TO THE TAX LIABILITY?

7      THE COURT:  NO.  THERE WOULD NOT BE THAT

8  OPPORTUNITY AT THIS POINT.

9      ALL RIGHT.  WE'RE ADJOURNED.

10     MR. MATHIS:  THANK YOU, YOUR HONOR.

11     MR. GARDNER:  THANK YOU, YOUR HONOR.

12     MR. WYCHE:  THANK YOU.

13     (WHEREUPON, THE PROCEEDINGS WERE ADJOURNED AT 2:37

14  P.M.)

15                 -   -   -

16

17

18

19

20

21

22

23

24

25

6

```
1                    C E R T I F I C A T E

2

3      STATE OF GEORGIA:

4      COUNTY OF FULTON:

5

6          I HEREBY CERTIFY THAT THE FOREGOING PAGES

7      REPRESENT A TRUE, COMPLETE, AND CORRECT TRANSCRIPT OF

8      THE PROCEEDINGS TAKEN DOWN BY ME IN THE CASE AFORESAID

9      (AND EXHIBITS ADMITTED, IF APPLICABLE).

10         THIS CERTIFICATION IS EXPRESSLY WITHDRAWN AND

11     DENIED UPON THE DISASSEMBLY OR PHOTOCOPYING OF THE

12     FOREGOING TRANSCRIPT OF ANY PART THEREOF, INCLUDING

13     EXHIBITS, UNLESS SAID DISASSEMBLY OR PHOTOCOPYING IS

14     DONE BY THE UNDERSIGNED OFFICIAL COURT REPORTER AND

15     ORIGINAL SIGNATURE AND SEAL IS ATTACHED THERETO.

16         THIS, THE 8TH DAY OF JULY, 2010.

17

18

19

20     _____
       WYNETTE C. BLATHERS, RPR, CRR, CCR-B-2069
21     OFFICIAL COURT REPORTER
       SUPERIOR COURT OF FULTON COUNTY
22     ATLANTA JUDICIAL CIRCUIT

23

24

25
```

7

FAm2B

In The Superior Court of
Fulton County
State of Georgia

FILED IN OFFICE

DEC 1 6 2010

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

N

Jeanne R Wyche

      Plaintiff

vs

Lorenzo A. Wyche, and
Rare Food Ventures, Inc.

      Defendant

Civil Action File No.
2007 CV 133071 and
2007 CV 141791

Emergency Motion To Honor
Automatic Bankruptcy Stay

Comes Now, Defendant Wyche and files this his
Motion by and through Counsel and shows the court
the following

1.

On December 16, 2010 at approximately 1:14AM
Defendant filed in the U.S. Bankruptcy Court, Northern
District of Georgia, Case # 10 - 97723, a Chapter
13, listing Plaintiff as an unsecured Creditor.

2.

Since Defendant filed a Chapter 13 bankruptcy case, property of the estate includes all property held as of the petition date and all of his wages. 11 USC § 1306(a)(2)

3.

Any continuing attempts to collect ~~satisfy~~ the final Judgment, including continued incarceration are in violation of the automatic stay. In Re: Lonerel Robinson, Jr. and Calinda Faith McMillan, NDGA, Case # 10-94242-WLH; In Re Cuffey, 2010 WL 2508907 (11th Cir. 2010) (See Attachments)

Wherefore We Respectfully Request:

1) That the court honor the automatic bankruptcy Stay; and

2) Recall the courts Order of Dec 16, 2010, requiring Defendant to be incarcerated from Thursday, December 16, 2010 until Monday, December 20, 2010

This 16th day of December 2010

3455 Peachtree Rd, NE
5th Floor
Atlanta, Ga. 30326

Brenda L. Gardner Esq
Attorney for Defendants
Ga. Bar 284025

Certificate of Service

The undersigned hereby certify that a true and correct copy of Defendant's Emergency Motion To Honor Automatic Bankruptcy Stay has been served upon opposing counsel by (attempted) Hand Delivery and faxed properly addressed to ensure delivery:

Charles Mathis, Jr Esq
Fifteen Piedmont Center
3575 Piedmont Road, NE
Suite 1560
Atlanta, Georgia 30305

This 16th day of December 2010

Brenda L. Dadar
Attorney for Defendant
Ga. Bar 284025

3455 Peachtree Rd, NE
5th Fl
Atlanta, Ga. 30326

**Open New Bankruptcy Case**

## U.S. Bankruptcy Court

## Northern District of Georgia

Notice of Bankruptcy Case Filing

The following transaction was received from Milton D. Jones entered on 12/16/2010 at 1:14 AM and filed on 12/16/2010
**Case Name:**      Lorenzo Anthony Wyche
**Case Number:**      10-97723
**Document Number:** 1

**Docket Text:**
Voluntary Petition (Chapter 13), Fee Collected filed by Milton D. Jones of Milton D. Jones, Attorney on behalf of Lorenzo Anthony Wyche Jr. Government Proof of Claim due by 6/14/2011. (Jones, Milton)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Wyche000.pdf
**Electronic document Stamp:**
[STAMP GANBStamp_ID=875559624 [Date=12/16/2010] [FileNumber=37575175-0
] [7a5b8264afdf2b6ad813e50c2895bdb1d8409fa050e4b9b2e58c3f4967282ec0207
b536e1e7ecb32a4506936d4e685779bb6386b5cb44791b6cc87937b5b2bac]]

**10-97723 Notice will be electronically mailed to:**

Milton D. Jones on behalf of Debtor Lorenzo Wyche
miltondjones@comcast.net, mmajone1@yahoo.com

**10-97723 Notice will not be electronically mailed to:**

**IT IS ORDERED as set forth below:**

**Date: November 23, 2010**

*Wendy L. Hagenau*
Wendy L. Hagenau
U.S. Bankruptcy Court Judge

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| LONERAL ROBINSON, JR. and | ) | CASE NO. 10-94242-WLH |
| CALINDA FAITH McMILLAN, | ) | |
| | ) | JUDGE WENDY L. HAGENAU |
| Debtor. | ) | |
| | ) | |
| LONERAL ROBINSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. PROC. NO. 10-6653-WLH |
| | ) | |
| DAVID M. SHIPPERT and | ) | |
| JOCELYN POUNDS, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON EMERGENCY MOTION

Plaintiff filed a Complaint for Sanctions for Violation of the Automatic Stay and a

Request for Emergency Relief, asking the Court to void any and all actions taken in violation of

11 U.S.C. § 362, to grant the immediate release of the Debtor Plaintiff from incarceration in

The Court makes no finding or ruling at this time as to whether any of Defendants'

actions constitute a willful violation of the stay and whether sanctions, if any, will be imposed,

but all parties' rights are preserved with respect thereto.

**END OF ORDER**

## DISTRIBUTION LIST

Danielle J. Eliot
Law Firm of Danielle J. Eliot, PC
1800 Peachtree Street , Suite 300
Atlanta, GA 30309

Larry J. White
4406 Marietta Street
P.O. Box 1106
Powder Springs, GA 30127-7106

Loneral Robinson, Jr.
5680 Sable Bay Point
Atlanta, GA 30349

David M. Shippert
4406 Marietta Street
Powder Springs, GA 30127

Jocelyn Pounds
4056 Misty Morn Lane
Powder Springs, GA 30349

Case 10-97723.jrs  Doc 5  Filed 12/20/10  Entered 12/20/10 00:36:24  Desc Main
Document  Page 22 of 24

# In re Caffey, 09-15360 (FED11)

**IN RE: JASON A. CAFFEY, Debtor, KAREN RUSSELL, Plaintiff-Appellant,**

**v.**

**JASON CAFFEY, Defendant-Appellee.**

**No. 09-15360**

**United States Court of Appeals, Eleventh Circuit**

**June 23, 2010**

DO NOT PUBLISH

Appeal from the United States District Court for the Southern District of Alabama D. C. Docket No. 08-00450-CV-1-CG-B, BKCY No. 07-12132-MAH

Before DUBINA, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Karen Russell appeals the bankruptcy court order awarding damages to debtor Jason Caffey under 11 U.S.C. § 362(k) (2006) due to Russell's violation of the automatic stay. The district court affirmed the bankruptcy court's award. We affirm the district court order because we conclude that Russell's conduct, including her failure to move to stay the outstanding state arrest warrant that she had procured for Caffey in her domestic support case, willfully contravened the automatic stay within the meaning of the statute.

## I. BACKGROUND

Russell sued Caffey in Alabama state court to recover unpaid child support. Caffey failed to appear at the July 2007 hearing, so the state court orally determined his liability and ordered that he be held in contempt. Shortly thereafter, on August 3, 2007, Caffey filed for bankruptcy protection in the Southern District of Alabama. On August 8, 2007, the state court judge signed the written order concerning Caffey's child support obligations and, on August 17, 2007, executed a writ of arrest.

Mobile County Sheriff's Deputies arrested Caffey on September 24, 2007, and held him until October 4, 2007, when his counsel could arrange for his release by agreeing to pay Russell and her attorneys certain negotiated sums. Caffey later instituted an adversarial proceeding against Russell in his bankruptcy case because he contended that her conduct violated the automatic stay imposed by the bankruptcy code. *See* 11 U.S.C. § 362(a). The bankruptcy court awarded Caffey damages based on his arrest, and that order is now at issue in this appeal.

## II. STANDARD OF REVIEW

As the second court reviewing the bankruptcy court order, we review the legal conclusions made by the bankruptcy and district courts *de novo* and review the bankruptcy court's factual findings for clear error. *In re Int'l Admin. Serv., Inc.*, 408 F.3d 689, 698 (11th Cir. 2005).

## III. DISCUSSION

### A. *Notice and Service of the Adversarial Bankruptcy Proceeding*

Russell first contends that the judgment against her is void because Caffey never properly advised her of the adversarial proceeding regarding the stay violation. The bankruptcy court found that Russell had waived her objection to the absent service because her attorneys of record participated in the adversarial proceedings. *See* Fed. R. Civ. P. 12(h) (objections to insufficient service of process are deemed waived if not first made in a Rule 12 motion or responsive pleading). Russell further disputes the finding that her attorneys had the authority to waive the defense on her behalf. We note, however, that a presumption of authority arises when a licensed attorney makes an appearance on behalf of a client. *See Dorey v. Dorey*, 609 F.2d 1128, 1131 n.5 (5th Cir. 1980).

Russell argues that her attorney's lack of admission to the bankruptcy court established an implicit limitation on the attorney's authority to represent her in the adversarial dispute. Russell cites no authority for the proposition that an attorney's authority is bounded by his bar and court admissions, and we find nothing in the record that reflects such an understanding between the attorney and Russell or the bankruptcy court. Nothing in the record suggests that the bankruptcy court's findings regarding waiver and agency were clearly erroneous.

### B. *Violation of the Bankruptcy Stay*

#### 1. Notice of the Bankruptcy Proceeding

Russell next contends that she could not have willfully violated the stay because she never received notice of Caffey's bankruptcy petition. The bankruptcy court found that, despite the lack of personal notice delivered to Russell, Caffey did sufficiently deliver notice to Russell's attorneys. In her brief, Russell does not dispute this finding so much as she disputes its legal consequence-she contends that personal service was required, and that such service must have been made before the state court entered its final judgment.

The bankruptcy court correctly determined that the notice given to Russell's attorneys sufficiently gave her knowledge of Caffey's bankruptcy petition. *See Cooper v. Lewis*, 644 F.2d 1077, 1082 (5th Cir. Unit A May 1981) (noting that a party is considered to have notice of all facts conveyed to his attorney). Moreover, Russell's complaint that the notice did not come before the state court entered its final judgment is inapposite because she never acted on that notice in the approximately 47 days between the execution of the arrest warrant and Caffey's arrest. She continued to violate the stay by extracting money and promises of future payments from Caffey long after her attorneys received notice of his bankruptcy petition. Given these facts, there is no clear error in the bankruptcy court's finding that Russell knew about Caffey's bankruptcy filing.

#### 2. Carver abstention

In *Carver v. Carver*, 954 F.2d 1573, 1579-80 (11th Cir. 1992), we held that in some narrow circumstances,

had no affirmative duty to delay the contempt order and arrest warrant because they materialized after her involvement in the proceedings ceased.

We are doubtful of Russell's legal assertion about her responsibilities. *See* 11 U.S.C. § 362(a)(1) (prohibiting "the commencement or continuation" of judicial process to recover a debt); *In re Scroggin*, 364 B.R. 772, 781 (B.A.P. 10th Cir. 2007) (holding that a "refusal to take affirmative action to get the garnishment stopped" is a willful violation of the automatic stay); *In re Johnston*, 321 B.R. 262, 282–86 (D. Ariz. 2005) (holding that creditor had affirmative duty to move to vacate state court contempt and arrest orders that were not themselves issued in violation of the automatic stay); 2 Alan N. Resnick & Henry J. Sommer, *Collier Bankruptcy Manual* ¶ 362.03[4] (3d ed. 2009) ("[L]evy of execution, restraining orders, civil arrest orders and exercise of any other postjudgment remedies are stayed."). Even assuming that Russell had no affirmative duty to vacate the outstanding orders, the record demonstrates that Russell actively violated the stay after the arrest warrant was executed. She opposed Caffey's release from prison after being informed of his pending bankruptcy and negotiated $80, 000 in payments from Caffey as a condition of his release. This is precisely the type of conduct that the automatic stay seeks to prevent, and the bankruptcy court did not clearly err in finding this to be a willful violation of the stay.

## IV. CONCLUSION

The bankruptcy court did not clearly err in finding that Russell willfully violated the automatic stay. Through her attorneys, Russell had notice of both Caffey's bankruptcy proceeding and the adversarial suit against her. She violated the stay by failing to vacate the state court orders and by extracting payments from Caffey in exchange for his release. Accordingly, we affirm the district court's order affirming the bankruptcy court's order awarding damages to Caffey.

AFFIRMED.