```
                UNITED STATES BANKRUPTCY COURT
                NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION
```

IN RE:                              ) CHAPTER 13
                                    )
LORENZO ANTHONY WYCHE JR.,          ) CASE NO. 10-97723-JRS
                                    )
                                    )
        DEBTOR.                     )

## OBJECTION TO CONFIRMATION

   COMES NOW ADAM M. GOODMAN, TRUSTEE herein, and objects to Confirmation of the Plan for the following reasons:

   1.   The Debtor has failed to maintain payments into this case as required by 11 U.S.C. Section 1326.

   2.   The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

   3.   The Debtor has not filed a certificate indicating that Debtor obtained a briefing from an approved non-profit budget and credit counseling agency within 180 days preceding the date of filing, as required by 11 U.S.C. Section 109(h). The Debtor may not be eligible for relief under Title 11.

   4.   The Debtor has failed to provide copies of all pay advices received within sixty (60) days of filing the instant case, in violation of 11 U.S.C. Section 521(a)(1)(B)(iv).

   5.   The Debtor has failed to provide the Trustee with a copy of the 2009 federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

   6.   Wings Financial (cross collateral) filed a second secured and/or priority proof of claim; however, the Plan fails to provide treatment for said claim, in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

   7.   Debtor has failed to respond to Questions 19 through 25 of the Statement of Financial Affairs, responses which are required for any self employed person(s), partner (other than limited partner) or sole proprietor, thereby preventing the Trustee from fully evaluating good faith, feasibility, and/or disposable income, in violation of 11 U.S.C. Sections 1325(a)(3), 1325 (a)(6), 1325(a)(7), and 1325(b).

Adam M. Goodman, Chapter 13 Trustee
Suite 200 - 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

8. Debtor has failed to return either completed Cash Flow Reports or Questionnaire to Business Debtor. The Trustee is unable to determine whether proposed Plan complies with 11 U.S.C. Sections 1325(a)(3), 1325(a)(6), and 1325(b)(1)(B).

9. Debtor proposes to make monthly charitable contributions in the amount of $150.00. The Debtor should provide written evidence sufficient to establish a consistent pattern of contributing prior to the filing of the instant case. 11 U.S.C. Section 1325 (b)(2)(A).

10. The Debtor should provide proof of the $600.00 monthly health insurance expenses reflected on Schedule J. 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

11. In accordance with General Order No. 6-2006 and the annexed Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $8,200.00 income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

12. Tax escrow slips have not been submitted, to reflect a self-employment tax withholding obligation of $1,000.00 per month; thereby, failing to substantiate the funding of post-petition obligations, 11 U.S.C. Section 1325(a)(6).

13. The Debtor's Chapter 13 zero percent (0%) composition Plan proposes to pay an automobile debt of $27,114.77 (Porsche). As the auto debt represents a majority of the debt to be funded in the Plan, and there is no meaningful return to the unsecured creditors, it appears that the Debtor is attempting to refinance an auto purchase through the Chapter 13 Plan; thereby, indicating a lack of good faith in proposing the instant repayment Plan. The Debtor is contributing an excessive amount of disposable income toward the automobile debt, in violation of 11 U.S.C. Sections 1325(a)(3), 1325 (b)(1)(B), and 1325(a)(7).

14. Pursuant to information received from the Internal Revenue Service, 2008 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

15. The Plan should be amended to include a provision that, "Any federal tax refunds the Debtor is entitled to receive for the calendar years ending 2010, 2011, 2012, 2013 and 2014 shall be paid into the Debtor's Chapter 13 case. Further, the Debtor authorizes and instructs the Internal Revenue Service to send any refund for said years directly to the Debtor's Chapter 13 Trustee." 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

16. The Debtor has failed to properly schedule and notify The Georgia Department of Revenue and the Internal Revenue Service, in violation of 11 U.S.C. Section 342 and the Federal Rules of Bankruptcy Procedure Rule 1007. The Debtor's Schedules and mailing matrix should be amended to include the creditor's complete address, and Debtor should provide proof that the creditor has been served.

17. The Chapter 13 budget reflects a $50.00 per month recreation expense; thereby, preventing the contribution of all monthly disposable income to the zero percent (0%) composition plan. 11 U.S.C. Section 1325(a)(3).

18. Debtor's Statement of Financial Affairs Question Number 18 is inaccurate and/or incomplete (does not disclose nature of business or start and end dates for businesses); the Trustee is unable to fully evaluate good faith and feasibility of the proposed Plan. 11 U.S.C. Sections 1325(a)(3), 1325(a)(6), and/or 1325(a)(7).

19. Debtor has retained possession and/or use of credit card(s), without court approval, 11 U.S.C. Sections 1305(c), 1325(a)(1), 1325(a)(3), 1325(a)(7), and 364.

20. The Chapter 13 Petition and Schedules reflect an unsecured debt total of $451,469.83 as of February 25, 2011, thereby rendering the Debtor ineligible for Chapter 13 relief, pursuant to 11 U.S.C. Section 109(e).

21. The Debtor failed to prove proof of his social security number at the Meeting of Creditors; he should appear at confirmation with valid, acceptable proof.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's Plan, and to dismiss the case.

_____/s/_____
Jason L. Rogers
Attorney for Chapter 13 Trustee
GA Bar No. 142575

Adam M. Goodman, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

10-97723-JRS

## CERTIFICATE OF SERVICE

    This is to certify that I have this day served

DEBTOR:

    LORENZO ANTHONY WYCHE JR.
    554A PIEDMONT AVENUE
    ATLANTA, GA 30308

ATTORNEY FOR DEBTOR:

    MILTON D. JONES
    P.O. BOX 503
    MORROW, GA 30260

the above in the foregoing matter with a copy of this pleading by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon.

This 2nd day of March 2011.

    _____/s/_____

Adam M. Goodman, Chapter 13 Trustee
Suite 200 - 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444